UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DONALD A. ADAMS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No. 4:14-CV-505-CEJ |
| ) | |
| JAY CASSADY, ) | |
| ) | |
| Respondent. ) | |

**MEMORANDUM**

This matter is before the Court on the petition of Donald A. Adams for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Respondent has filed a response in opposition, and the issues are fully briefed.

**I. Procedural Background**

Petitioner, Donald A. Adams, is currently incarcerated at Jefferson City Correctional Center in Jefferson City, Missouri, pursuant to the sentence and judgment of the Circuit Court of the City of St. Louis. On August 23, 2010, following a jury trial, petitioner was found guilty of assault in the second degree, armed criminal action, and unlawful use of a weapon. Resp. Ex. 1. On September 15, 2010, petitioner filed a motion for a new trial which was denied. *Id.* On December 3, 2010, the trial court sentenced petitioner to concurrent sentences of imprisonment of three years for the assault charge, seven years for the armed criminal action charge, and fifteen years for unlawful use of a weapon. *Id.*

Petitioner filed a notice of appeal on December 6, 2010. *Id.* The Missouri Court of Appeals affirmed the judgment of the trial court on October 25, 2011. Resp. Ex. 4; *State v. Adams*, 350 S.W.3d 864 (Mo. Ct. App. 2011). Petitioner had

fifteen days, until November 9, 2011, to petition to transfer the appeal to the Supreme Court of Missouri for further review, but he did not do so. Mo. Sup. Ct. R. 83.02, 83.04, 84.17(b); Resp. Ex. 5. Thereafter, on November 18, 2011, the Missouri Court of Appeals issued its mandate. Resp. Ex. 12.

Petitioner filed a motion for post-conviction relief in state court on February 13, 2012 and an amended motion on April 27, 2012, which was denied on July 5, 2012. Resp. Ex. 5. Petitioner filed a notice of appeal on August 14, 2012. *Id.* The Missouri Court of Appeals affirmed the denial of post-conviction relief on May 21, 2013, and issued its mandate on June 12, 2013. Resp. Ex. 9–10; *Adams v. State*, 399 S.W.3d 504 (Mo. Ct. App. 2013) (per curiam). Petitioner filed the instant habeas corpus petition on March 13, 2014.[1] [Doc. #1 at 14]

## II. Statute of Limitations

The Antiterrorism and Effective Death Penalty Act (AEDPA) provides for a one-year statute of limitations for habeas corpus petitions. 28 U.S.C. § 2244(d)(1). Failure to file within one year requires dismissal of the petition for a writ of habeas corpus. *See Cross–Bey v. Gammon*, 322 F.3d 1012 (8th Cir. 2003). The limitations period begins to run on the "date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review," whichever is later. 28 U.S.C. § 2244(d)(1)(A). Where, as here, a Missouri petitioner does not seek transfer to the Supreme Court of Missouri after direct appeal, his judgment becomes final upon expiration of the time within which to seek such discretionary review; that is, fifteen days after the Missouri Court of

---

[1] Though the petition was not mailed until March 17, 2014, petitioner gave it to prison officials for mailing on March 13, 2014. *See Streu v. Dormire*, 557 F.3d 960, 962 (8th Cir. 2009) (citation omitted).

2

Appeals issues its opinion. *Camacho v. Hobbs*, 774 F.3d 931, 933 (8th Cir. 2015) (citing *Gonzalez v. Thaler*, 132 S. Ct. 641, 653 (2012), and recognizing that *Gonzalez* explicitly abrogated *Riddle v. Kemna*, 523 F.3d 850 (2008)); *see* Mo. Sup. Ct. R. 83.02, 83.04, 84.17(b). The date on which the Missouri Court of Appeals issued its mandate is irrelevant for tolling purposes. *Camacho*, 774 F.3d at 933. The limitations period is tolled, however, while a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending. 28 U.S.C. § 2244(d)(2).

Under § 2244(d), the instant petition is untimely. The Missouri Court of Appeals affirmed petitioner's conviction on October 25, 2011. The judgment became final when petitioner's time to request further appellate review expired on November 9, 2011. *See* Mo. Sup. Ct. R. 83.02, 83.04, 84.17(b). The statute of limitations began running on November 10, 2011. *See* Fed. R. Civ. P. 6(a)(1)(A). The limitations period ran for 96 days until petitioner filed his motion for post-conviction relief on February 13, 2012. *See Painter v. Iowa*, 247 F.3d 1255, 1256 (8th Cir. 2001) (citation omitted) ("[T]he time between the date that direct review of a conviction is completed and the date that an application for state post-conviction relief is filed counts against the one-year period.").

The statute of limitations was tolled while petitioner's post-conviction relief motion was pending. 28 U.S.C. § 2244(d)(2). After the motion for post-conviction relief was denied by the Missouri Court of Appeals on June 12, 2013, the statute of limitations began running again on June 13, 2013. *See* Fed. R. Civ. P. 6(a)(1)(A). The limitations period then ran for 274 additional days until petitioner filed the instant habeas corpus petition on March 13, 2014. In total, the statute of

limitations ran for 370 untolled days (96 days plus 274 days) from the date of the final judgment until the filing of the habeas corpus petition.  Therefore, the petition was filed five days outside the statute of limitations and must be dismissed.  *See* 28 U.S.C. § 2244(d)(1); *Gammon*, 322 F.3d 1012.

Although petitioner has not argued that he is entitled to equitable tolling, the Court nonetheless has considered the issue.  "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way."  *Burns v. Prudden*, 588 F.3d 1148, 1150 (8th Cir. 2009) (quoting *Walker v. Norris*, 436 F.3d 1026, 1032 (8th Cir. 2006)).  "Pro se status, lack of legal knowledge or legal resources, confusion about or miscalculations of the limitations period, or the failure to recognize the legal ramifications of actions taken in prior post-conviction proceedings are inadequate to warrant equitable tolling."  *Shoemate v. Norris*, 390 F.3d 595, 598 (8th Cir. 2004) (citations and quotation marks omitted).

Petitioner can hardly be said to have diligently pursued his rights, and no extraordinary circumstances stood in his way.  Petitioner waited until 274 days after the conclusion of his post-conviction appeal to file his federal habeas petition, without any justification.  Accordingly, petitioner is not entitled to equitable tolling of the statute of limitations.

### III.  Conclusion

For the reasons discussed above, the Court concludes that the petition for a writ of habeas corpus was untimely filed under 28 U.S.C. § 2244(d) and must be dismissed.  Additionally, because petitioner has failed to make a substantial

4

showing of the denial of a constitutional right, the Court will not issue a certificate of appealability. See Cox v. Norris, 133 F.3d 565, 569 (8th Cir. 1997).

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 18th day of June, 2015.